UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, *et al.*,

                    Plaintiffs,

   v.

J R JONES FIXTURE CO., a Minnesota
corporation,

                    Defendant.

17 CV 04076

Judge Guzman

## PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT

Plaintiffs Chicago Regional Council of Carpenters Pension Fund *et al.*'s ("Trust Funds")

hereby move this Court to enter a judgment by default against defendant J R JONES FIXTURE

CO., a Minnesota corporation ("Defendant") pursuant to Federal Rule of Civil Procedure 55. In

support of their Motion, Trust Funds state as follows.

## I.    SUMMARY OF DAMAGES.

For the reasons explained more fully below, this Court should award the Trust Funds

$17,399.30 in damages as follows:

| | | |
|---|---|---|
| (A) Unpaid Fringe Benefit Contributions | | 5,798.49 |
| (B) Interest | | 635.37 |
| (C) Liquidated Damages | | 1,159.70 |
| (D) Auditors' Fees | | 5,407.50 |
| (E) Attorneys' Fees and Costs | | 4,398.24 |
| Total | | 17,399.30 |

## II.    ARGUMENT.

### A.    Defendant's Default.

On May 30, 2017, the Trust Funds filed a complaint against the Defendant under the

Employee Retirement Income Security Act ("ERISA") for unpaid fringe benefit contributions

owed by Defendant pursuant to an audit conducted by the Trust Funds' designated auditor, Legacy Professionals, LLP ("Legacy") for the period January 1, 2014 through December 31, 2014.

The Trust Funds' complaint also seeks a judgment for all unpaid contributions, interest and liquidated damages, attorneys' fees and costs and auditors' fees pursuant to ERISA, the Area Agreements and the trust agreements to which Defendant is signatory.

On July 13, 2017, this Court granted the Trust Funds' motion to serve Defendant by alternative means. *See* Order, July 13, 2017, Docket No. 7. The complaint was served on Defendant on or about July 27, 2017. *See* Affidavit of Service, Docket No. 8. The affidavit of service was filed with the Clerk of Court on or about August 14, 2017. *See* Affidavit of Service, Docket No. 8.

Defendant failed to answer or appear.

**B. Damages for Unpaid Fringe Benefit Contributions.**

Defendant is bound by the Area Agreement with the Chicago Regional Council of Carpenters ("Union"). *See* Declaration of K. Guastaferri ¶3, Exhibit A. The Trust Funds conducted an audit of Defendant's books and records which revealed unpaid fringe benefit contributions in the amount of $5,798.49. *See* Declaration of K. Guastaferri ¶¶6-7, Exhibit A.

Under ERISA, Defendant is liable to the Trust Funds for any unpaid fringe benefit contributions. ERISA states as follows:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan— **(A)** the unpaid contributions . . . .

*See* 29 U.S.C. §1132(g)(2)(A). Accordingly, this Court should award the Trust Funds $5,798.49 for unpaid fringe benefit contributions.

**C. Interest.**

Under ERISA, 29 U.S.C. §1132, Trust Funds are entitled to collect interest on the unpaid

contributions. Section 1132(g)(2)(B) provides as follows:

> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce
> section 1145 of this title in which a judgment in favor of the plan is awarded, the
> court shall award the plan—
> . . .
> **(B)** interest on the unpaid contributions,
> . . .
> For purposes of this paragraph, interest on unpaid contributions shall be determined by
> using the rate provided under the plan, or, if none, the rate prescribed under section 6621
> of title 26.

*See* 29 U.S.C. §1132(g)(2). And, section 6621 of title 26 provides as follows:

> **(2) Underpayment rate.** The underpayment rate established under this section shall be
> the sum of—
> **(A)** the Federal short-term rate determined under subsection (b), plus
> **(B)** 3 percentage points.

*See* 26 U.S.C. §6621.

This is consistent with the trust agreements which also allow the Trust Funds to collect

interest on the amount due. *See* Declaration of K. Guastaferri ¶¶9-11, Exhibit A. Therefore, the

Trust Funds are entitled to recover interest based on the statute.

The amount due as interest on the fringe benefit contributions is $635.37. *See*

Declaration of K. Guastaferri ¶¶9-11, Exhibit A. Accordingly, this Court should award the Trust

Funds interest in the amount of $635.37 pursuant to 29 U.S.C. §1132(g)(2).

**D.     Liquidated Damages.**

Under ERISA, 29 U.S.C. §1132, the Trust Funds are entitled to collect liquidated

damages on the unpaid contributions. Section 1132(g)(2)(C)(ii) provides as follows:

> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to
> enforce section 1145 of this title in which a judgment in favor of the plan is awarded,
> the court shall award the plan—

. . .

**(C)** an amount equal to the greater of—

. . .

**(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

This is consistent with the trust agreements which also allow the Trust Funds to collect liquidated damages of 1.5% monthly on the amount due. *See* Declaration of K. Guastaferri ¶¶9-11, Exhibit A.

The total liquidated damages calculated at 1.5% per month compounded equals $1,159.70. *See* Declaration of K. Guastaferri ¶¶9-11, Exhibit A. Accordingly, this Court should award the Trust Funds liquidated damages in the amount of $1,159.70 pursuant to 29 U.S.C. §1132(g)(2)(C)(ii).

E.      **Auditor's Fees.**

Under the terms of the Trust Agreements and the Area Agreement, a signatory employer is liable for reasonable fees of auditors retained by the Trust Funds used to establish the amount of delinquent contributions to the Trust Funds. *See* Declaration of K. Guastaferri ¶12, Exhibit A.

Moreover, ERISA, 29 U.S.C. §1132, likewise provides that the Trust Funds are entitled to recover auditors' fees incurred to prove the amount of contributions owed:

> ERISA itself grants the district court authority to award the plaintiffs their reasonable attorney's fees and costs in successful actions to collect unpaid fringe benefit contributions owed to multi-employer plans, 29 U.S.C. § 1132(g)(2)(D), along with 'such other legal or equitable relief as the court deems appropriate,' id. § 1132(g)(2)(E). This court, among others, has construed the latter provision to include an award of audit costs. *Moriarty ex rel. Local Union No. 727, I.B.T. Pension Trust v. Svec*, 429 F.3d 710, 721 (7th Cir. 2005) (*citing Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1343 (9th Cir. 1988)).

*See Trustees of the Chicago Plastering Institute Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 902 (7th Cir. 2009).

The Trust Funds incurred $5,407.50 in auditors' fees for the audit of Defendant's fringe benefit contributions to the Trust Funds during the Audit Period. *See* Declaration of K. Guastaferri ¶12, Exhibit A. Accordingly, this Court should award the Trust Funds $5,407.50 in reasonable auditors' fees for the audit of Defendant's books and records to determine that Defendant owed unpaid fringe benefit contributions.

**F.      Attorneys' Fees and Costs.**

Under the terms of the Trust Agreements and the Area Agreement, Defendant is liable for reasonable attorney fees and costs incurred by the Trust Funds to collect delinquent contributions because the Trust Funds were required to hire counsel to compel the audit of Defendant and to collect the amount due from Defendant. *See* Declaration of K. Guastaferri ¶10, Exhibit A.

Defendant has a statutory obligation to pay attorneys' fees and costs. Under ERISA, 29 U.S.C. §1132, Trust Funds are entitled to recover attorneys' fees and costs incurred to collect the unpaid contributions. Section 1132(g) provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions … (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the <u>court shall award the plan</u>—…. (D) reasonable attorney's fees and costs of the action, to be paid by the defendant …

*See* 29 U.S.C. §1132(g)(2) (emphasis added). Defendant is also liable for attorneys' fees and costs incurred by the Trust Funds to enforce any judgment entered in this matter. *See Free v. Briody,* 793 F.2d 807, 808-09 (7th Cir. 1986).

Here the Trust Funds incurred $4,398.24 in attorneys' fees and costs as stated in the affidavit and detailed billing statements accompanying this petition. *See* Declaration of K. McJessy ¶¶5-7, Exhibit B. Billing statements are admissible to show the reasonableness of attorneys' fees and costs in ERISA cases. *See Trustees of the Chicago Plastering Inst. Pension*

*Trust*, 570 F.3d at 903 (relying on attorneys "time records"); *Chicago Regional Council of Carpenters Pension Fund v. RCI Enterprises, Inc.*, 2011 U.S. Dist LEXIS *6-7 (N.D. Ill., July 20, 2011) (Feinerman, J.) (relying on billing time records for award of attorneys' fees).

Moreover, the fee charged here of $220/hour for attorney time are reasonable compared to the rates charged by other attorneys handling similar ERISA matters in the Northern District of Illinois. As a matter of law, the Northern District of Illinois has recognized that hourly rates of $195 per hour to $250 per hour are reasonable rates for attorney time for ERISA litigation. *See Trustees of the Chicago Regional Council of Carpenters Pension Fund v. RCI Enterprises, Inc.,* 2011 U.S. Dist. LEXIS *6 (N.D. Ill.) (holding that attorney rates of $180/hr for a junior attorney to $250/hr for a partner are reasonable hourly rates for ERISA lawsuit by the Chicago Regional Council of Carpenters); *Board of Trustees of the Rockford Pipe Trades Indus. Pension Fund v. Fiorenza Enters.*, 2011 U.S. Dist. LEXIS 28209, 21-22 (N.D. Ill. Mar. 18, 2011) ("the court finds that the hourly rates [of $195, $210 and $235 per hour] . . . are reasonable" for fringe benefit trust funds lawsuit against employer to collect unpaid contributions); *Divane v. Mitchell Sec. Sys.*, 2008 U.S. Dist. LEXIS 27825 (N.D. Ill. Apr. 7, 2008) ("The court finds that the billing rates [of $220.00 to 240.00 for attorneys] are reasonable.").

Accordingly, this Court should award the Trust Funds $4,398.24 in reasonable attorneys' fees and costs for the audit of Defendant's books and records to determine that Defendant owed unpaid fringe benefit contributions.

## III.   CONCLUSION.

For the forgoing reasons, the Trust Funds respectfully request that this Court enter final judgment for the Trust Funds in the amount of $17,399.30 as follows:

A.      $5,798.49 in unpaid contributions pursuant to the audit;

B.    $5,407.50 for auditor's fees incurred by the Trust Funds to complete the audit of Defendant's books and records;

C.    $635.37 in interest pursuant to 29 U.S.C. § 1132(g)(2)(B);

D.    $1,159.70 in liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C); and

E.    $4,398.24 in reasonable attorneys' fees and costs the Trust Funds incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

The Trust Funds shall also recover reasonable attorney' fees and costs incurred by the Trust Funds in enforcing this order and any such further relief as this Court deems appropriate. *See Free v. Briody*, 793 F.2d 807, 808-09 (7th Cir. 1986). A proposed order is attached hereto as Exhibit C.

                              CHICAGO REGIONAL COUNCIL OF
                              CARPENTERS PENSION FUND *et al.*


                              By:   s/ Kevin P. McJessy
                                      One of Their Attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)
mcjessy@MCandT.com

## CERTIFICATE OF SERVICE

I, Kevin P. McJessy, an attorney, certify that I caused the foregoing **Plaintiffs' Motion for Entry of Judgment** to be served upon

J R Jones Fixture Co.
c/o Douglas Jones, CEO
3216 Winnetka Ave. North
Minneapolis, MN 55427

J R Jones Fixture Co.
c/o Douglas Jones, CEO
13977 Eidelweiss St. NW
Andover, MN 55304

via U.S. First Class Mail, postage prepaid, deposited in the United States Mail Depository located at 3759 N. Ravenswood, Chicago, Illinois on September 1, 2017.

                 s/ Kevin P. McJessy
                 Kevin P. McJessy

17 CV 04076

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, *et al.*,

                  Plaintiffs,

    v.

J R JONES FIXTURE CO., a Minnesota
corporation,

                  Defendant.

17 CV 04076

Judge Guzman

## DECLARATION OF KRISTINA M. GUASTAFERRI

I, Kristina M. Guastaferri, hereby declare, under penalty of perjury pursuant to the laws
of the United States, that the following statements are true to the best of my knowledge
information and belief:

1.    I am the Administrator for the Chicago Regional Council of Carpenters Pension
Fund ("Pension Fund"), the Chicago Regional Council of Carpenters Health and Welfare Fund
("Health and Welfare Fund"), the Chicago and Northeast Illinois Regional Council of Carpenter
Apprentice and Trainee Program ("Trainee Fund") and the Labor/Management Union Carpentry
Cooperation Promotion Fund (collectively "the Trust Funds").

2.    As part of my duties, I am responsible for managing the collection of
contributions for medical, pension and other benefits due from numerous employers pursuant to
the collective bargaining agreement between the employers and the Chicago and Northeast
Illinois Regional Council of Carpenters ("Union") and between employers and the United
Brotherhood of Carpenters and Joiners of America. Accordingly, I am familiar with the terms of
the current collective bargaining agreement ("Area Agreement") and the trust agreements
establishing the Trust Funds.

3.    J R JONES FIXTURE CO., a Minnesota corporation ("Defendant"), is an

employer bound by the Area Agreement with the Union because Defendant signed an Agreement with the Union. A copy of the Agreement with the Union signed by Defendant binding the Defendant to the Area Agreement is attached as Exhibit 1. The Agreement further provides that Defendant agreed to be bound by the Trust Agreements establishing the Trust Funds and by the rules and regulations adopted by the Trustees of each Trust Fund. The Area Agreement, the Trust Agreements and the rules and regulations are collectively referred to herein as "Agreements."

4.      Pursuant to the Agreements, Defendant is required to pay fringe benefit contributions to the Trust Funds for work performed by Defendant's employees and Defendant's non-union subcontractors performing work falling within the jurisdiction of the Union.

5.      Pursuant to the Agreements, Defendant also agreed to submit to a periodic audit of its books and records in order to verify the accuracy of the contributions reported and paid to the Trust Funds.

6.      The Trust Funds engaged Legacy Professionals, LLP ("Legacy") to conduct an audit of Defendant's fringe benefit contributions to the Trust Funds for the period January 1, 2014 through December 31, 2014 ("Audit Period").

7.      Legacy prepared a report ("Audit Report") of Defendant's fringe benefit contributions to the Trust Funds based on Legacy's review of Defendant's records. Legacy delivered its Audit Report to the Trust Funds. A true and accurate copy of the Audit Report maintained in the Trust Funds' records is attached as Exhibit 2. According to the Audit Report and based on the records produced by Defendant, Defendant owes $5,798.49 in unpaid fringe benefit contributions to the Trust Funds.

9.      The Agreements provide that the Trust Funds collect liquidated damages on unpaid fringe benefit contributions at a rate of 1½ percent compounded monthly. The

Agreements also provide that the Trust Funds collect interest on unpaid fringe benefit contributions as allowed by law.

10. Because Defendant failed to comply with the terms of the Agreements, the Trust Funds have had to employ the services of the law firm McJessy Ching & Thompson, LLC. As a result, the Trust Funds incurred attorneys' fees and costs.

11. A summary of the updated calculations of accrued interest and liquidated damages for unpaid contributions owed according to the Audit Report as of August 29, 2017 is attached hereto as Exhibit 3. Defendant owes $635.37 in unpaid interest calculated pursuant to 26 U.S.C. §6621 and $1,159.70 in unpaid liquidated damages calculated in accordance with the Agreements.

12. The Trust Funds paid Legacy $5,407.50 in fees for Legacy to conduct its review of Defendant's books and records and to prepare the Audit Report.

13. In sum, based on the records produced by Defendant, Defendant owes unpaid contributions of $5,798.49, interest of $635.37, liquidated damages of $1,159.70, auditors' fees of $5,407.50 plus the attorneys' fees and costs incurred by the Trust Funds in this lawsuit.

14. I have personal knowledge of the matters stated in this affidavit and could testify competently to them.

_____
Kristina M. Guastaferri, CPA

Executed on:

_____
Date

# 17 CV 04076

# Exhibit  A-1

Firm    J. R. JONES FIXTURE CO.
3216 Winnetka Ave. No.
Minneapolis, Minn. 55427

# Agreement

## 1975-76

Address _____

Phone   612-544-9239

THIS AGREEMENT made and entered into by and between _____ hereinafter referred to as the "EMPLOYER," First Party, and CHICAGO DISTRICT COUNCIL OF CARPENTERS, COOK, LAKE AND DU PAGE COUNTIES, ILLINOIS, hereinafter referred to as the "UNION," Second Party.

THIS AGREEMENT is made in consideration of the mutual promises of the First and Second Parties and the parties do hereby agree as follows:

1. The EMPLOYER recognizes the UNION as the sole and exclusive bargaining representative for and on behalf of the employees of the EMPLOYER within the territorial and occupational jurisdiction of the UNION.

2. The parties adopt, and the EMPLOYER agrees to be bound by the terms and conditions of a Collective Bargaining Agreement dated June 1, 1975, between the UNION and Mid-America Regional Bargaining Association as bargaining agent for certain employer associations, a copy of which agreement is attached hereto and made a part hereof and the receipt of which is hereby acknowledged by the EMPLOYER.

3. EMPLOYER agrees to be bound by the terms of the Trust Agreements creating the Chicago District Council of Carpenters Health and Welfare Fund, Chicago District Council of Carpenters Pension Fund, and the Chicago District Council of Carpenters Apprentice Training Fund and all rules and regulations adopted by the Trustees thereof, and agrees to make prompt payments of the per hour contributions provided in the Collective Bargaining Agreement aforesaid, with respect to each such Trust Fund.

4. This agreement, and the agreement adopted by reference adopted by reference, shall be in effect as of June 1, 1975, and remain in effect to and including the expiration date of the agreement adopted by reference. This agreement shall continue in effect from year to year thereafter and the parties specifically adopt any agreement entered into between the UNION and Mid-America Regional Bargaining Association, bargaining agent for certain employer associations, subsequent to the expiration date of the agreement adopted by reference as aforesaid, unless notice of termination or amendment is given in the manner provided herein.

5. Either party desiring to amend or terminate this agreement must notify the other with an acknowledgement in writing, at least three calendar months prior to the expiration of the then agreement adopted by reference.

6. EMPLOYER agrees to furnish UNION with certificate of insurance covering liability under the Illinois Workmen's Compensation Act and the Illinois Occupational Disease Act.

7. EMPLOYER agrees to furnish UNION with a surety bond to insure prompt payment of wages, health and welfare fund contributions, pension fund contributions and apprentice training fund contributions in amount and according to the provisions of Article XV of the contract adopted by reference herein.

IN WITNESS WHEREOF, the parties have executed this Agreement the ____14____ day of ____July____, 19__75__.

EMPLOYER

By _____

_____

CHICAGO DISTRICT COUNCIL OF CARPENTERS

By _____

_____

17 CV 04076

# Exhibit  A-2

# Discrepancy Summary By Month

| Reporting Period | Discrepancy Total Hours | Discrepancy Benefit Hours | Contribution Rate | Discrepancy Amount |
|---|---|---|---|---|
| May 2014 | | 34.75 | 26.87 | $933.73 |
| June 2014 | | 95.50 | 28.12 | $2,685.46 |
| August 2014 | | 24.00 | 28.12 | $674.88 |
| September 2014 | | | 28.12 | |
| November 2014 | 23.00 | 53.50 | 28.12 | $1,504.42 |

| Total Hours | 23.00 | Benefit Hours | 207.75 | Discrepancy Amount | $5,798.49 |
|---|---|---|---|---|---|
| | | | | Liquidated Damages | $1,159.70 |
| | | | | Total Amount Due | $6,958.19 |

# Discrepancy Summary By Error Type

| Code | Description | Dollar Amount |
|---|---|---|
| | **SIGNATORY EMPLOYER: PAYROLL** | |
| P1 | Clerical Error | $646.76 |
| | **SIGNATORY EMPLOYER: CASH DISBURSEMENTS** | |
| CD41 | Non-Signatory Subcontractor - 100% Labor Factor | $3,745.73 |
| CD47 | Non-Signatory Subcontractor - Labor Hours Stated | $1,406.00 |

| | |
|---|---|
| Sub-Total Discrepancies From All Listed Codes | $5,798.49 |
| Liquidated Damages | $1,159.70 |
| Total Amount Due | $6,958.19 |

# Liquidated Damages Schedule

| Account Number: | 12774 | Audit Period: | Jan 14 - Dec 14 |
|---|---|---|---|
| Employer: | J R Jones Fixture Co | Contact: | Kirupa Lingham |
| Address: | 3216 Winnetka Ave No | Title: | Accountant |
| | Minneapolis, MN 55427 | | |
| Phone: | 763-398-4310 | Page: | 3 of 8 |

| Reporting Period | Contributions Due | Compounding Periods | Calculating Percentage | Total Liquidated Damages Owed |
|---|---|---|---|---|
| May 2014 | $933.73 | 26.00 | 20.00% | $186.75 |
| June 2014 | $2,685.46 | 25.00 | 20.00% | $537.09 |
| August 2014 | $674.88 | 23.00 | 20.00% | $134.98 |
| September 2014 | | 22.00 | 20.00% | |
| November 2014 | $1,504.42 | 20.00 | 20.00% | $300.88 |

| | | Total Damages this Schedule | $1,159.70 |
|---|---|---|---|
| Total Discrepancies | $5,798.49 | 20% of Discrepancies | $1,159.70 |
| | | | |
| Assessed Damages | | | $1,159.70 |

# Monthly Detail Report

Account Number: 12774

Employer: J R Jones Fixture Co
Address: 3216 Winnetka Ave No
Minneapolis, MN 55427
Phone: 763-398-4310

Audit Period: Jan 14 - Dec 14
Month: May 2014
Page #: 4 of 8

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * Actual Hours Per Week * * * * * | | | | | | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | W/E 02-May | W/E 09-May | W/E 16-May | W/E 23-May | W/E 30-May | | | | |
| 1. | Elegant Concepts Ltd | CD41 | 0.00 | 0.00 | 34.75 | | | | | 34.75 | | 0.00 | 34.75 |
| | | | | Total | 34.75 | 0.00 | 0.00 | 0.00 | 0.00 | 34.75 | | 0.00 | 34.75 |

Total Items Listed in this Period:     1.00

# Monthly Detail Report

Account Number: 12774

Employer: J R Jones Fixture Co
Address: 3216 Winnetka Ave No
Minneapolis, MN 55427
Phone: 763-398-4310

Audit Period: Jan 14 - Dec 14

Month: June 2014

Page # : 5 of 8

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * Actual Hours Per Week * * * * * | | | | | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | W/E 06-Jun | W/E 13-Jun | W/E 20-Jun | W/E 27-Jun | | | | | |
| 1 | Elegant Concepts Ltd | CD41 | 0.00 | 0.00 | 95.50 | | | | | 95.50 | | 0.00 | 95.50 |
| | | Total | 0.00 | 0.00 | 95.50 | 0.00 | 0.00 | 0.00 | | 95.50 | | 0.00 | 95.50 |

Total Items Listed in this Period:     1.00

# Monthly Detail Report

Account Number: 12774

Employer: J R Jones Fixture Co
Address: 3216 Winnetka Ave No
Minneapolis, MN 55427
Phone: 763-398-4310

Audit Period: Jan 14 - Dec 14

Month: **August 2014**

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * Actual Hours Per Week * * * * * | | | | | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | W/E 05-Aug | W/E 12-Aug | W/E 19-Aug | W/E 26-Aug | | | | | |
| 5 | DeMatteo, James | P1 | 32.00 | 32.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | (32.00) | (32.00) |
| | DeMatteo, John | P1 | 111.00 | 111.00 | 41.00 | 36.00 | 32.00 | 34.00 | 143.00 | | 32.00 | 32.00 |
| | Touch-Up Specialists | CD47 | 0.00 | 0.00 | 24.00 | | | | 24.00 | | 0.00 | 24.00 |
| | Total | | | | 65.00 | 36.00 | 32.00 | 34.00 | 167.00 | 0.00 | 0.00 | 24.00 |

Total Items Listed in this Period: 3.00

# Monthly Detail Report

Account Number: 12774

Employer: J R Jones Fixture Co
Address: 3216 Winnetka Ave No
Minneapolis, MN 55427
Phone: 763-398-4310

Audit Period: Jan 14 - Dec 14

Month: **September 2014**

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * Actual Hours Per Week * * * * * W/E 02-Sep | W/E 09-Sep | W/E 16-Sep | W/E 23-Sep | W/E 30-Sep | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | DeMatteo, James | P1 | 19.00 | 19.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | (19.00) | (19.00) |
| | DeMatteo, John | P1 | 102.00 | 102.00 | 32.00 | 27.50 | 18.50 | 24.00 | 19.00 | 121.00 | | 19.00 | 19.00 |
| | | Total | | | 32.00 | 27.50 | 18.50 | 24.00 | 19.00 | 121.00 | | 0.00 | 0.00 |

Total Items Listed in this Period:     2.00

# Monthly Detail Report

Account Number: 12774

Employer: J R Jones Fixture Co
Address: 3216 Winnetka Ave No
Minneapolis, MN 55427
Phone: 763-398-4310

Audit Period: Jan 14 - Dec 14

Month: November 2014

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * * Actual Hours Per Week * * * * * * | | | | | | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | W/E 11-Nov | W/E 18-Nov | W/E 25-Nov | W/E 02-Dec | | | Total Hours | | | |
| | DeMatteo, John | P1 | 55.00 | 55.00 | 16.00 | 8.00 | 31.00 | 8.00 | | 63.00 | | 8.00 | 8.00 |
| 1 | Elegant Concepts Ltd | CD41 | 0.00 | 0.00 | 4.50 | 0.00 | 0.00 | 0.00 | | 4.50 | | 0.00 | 4.50 |
| 1 | Elegant Concepts Ltd | CD47 | 0.00 | 0.00 | 26.00 | 0.00 | 0.00 | 0.00 | | 26.00 | | 0.00 | 26.00 |
| | Faraone, Joseph | P1 | 79.00 | 79.00 | 22.00 | 26.00 | 30.00 | 8.00 | | 86.00 | | 7.00 | 7.00 |
| | Miller, Robert | P1 | 56.00 | 56.00 | 22.00 | 27.00 | 15.00 | 0.00 | | 64.00 | | 8.00 | 8.00 |
| | | Total | | | 90.50 | 61.00 | 76.00 | 16.00 | | 243.50 | 0.00 | 23.00 | 53.50 |

Total Items Listed in this Period:      5.00

17 CV 04076

# Exhibit  A-3

# Interest & Damages Summary

Account Number:       12774                    Calculation Date: August 29, 2017

Employer:             J R Jones Fixture Co
Address:              3216 Winnetka Ave No
                      Minneapolis, MN 55427

| Reporting Period | Delinquency Amount | Interest | Liquidated Damages | Total Due |
|---|---|---|---|---|
| May 2014 | $933.73 | $108.42 | $186.75 | $1,228.90 |
| June 2014 | $2,685.46 | $304.46 | $537.09 | $3,527.01 |
| August 2014 | $674.88 | $72.72 | $134.98 | $882.58 |
| September 2014 | | | | |
| November 2014 | $1,504.42 | $149.77 | $300.88 | $1,955.07 |
| Totals | $5,798.49 | $635.37 | $1,159.70 | $7,593.56 |

# 17 CV 04076

# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, *et al.*,

                                    Plaintiffs,

    v.

J R JONES FIXTURE CO., a Minnesota
corporation,

                                    Defendant.

17 CV 04076

Judge Guzman

## DECLARATION OF KEVIN P. MCJESSY

I, Kevin P. McJessy, hereby declare, under penalty of perjury pursuant to the laws of the United States, that the following statements are true:

1.     I am one of the attorneys representing the Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund, the Chicago and Northeast Illinois Regional Council of Carpenter Apprentice and Trainee Program, and the Labor/Management Union Carpentry Cooperation Promotion Fund (collectively "the Trust Funds") in the above-captioned lawsuit ("Lawsuit") against J R JONES FIXTURE CO., a Minnesota corporation ("Defendant").

2.     I have been licensed to practice law in the State of Illinois and the United States District Court for the Northern District of Illinois since 1995. I am an attorney with McJessy, Ching & Thompson, LLC ("MC&T").

3.     As part of my practice, I handle claims under ERISA. I personally represented the Trust Funds in this Lawsuit. I have represented the Trust Funds in this Lawsuit since its inception. As such I am familiar with the matters set forth in this declaration.

4.     Sheila Keating is a paralegal with MC&T. She has been a paralegal since 1987.

5.    The Trust Funds have incurred $4,398.24 in fees and expenses to compel Defendant to comply with its obligations under the terms of the Collective Bargaining Agreement and applicable trust agreements.

6.    The Trust Funds have collectively incurred fees totaling $3,234.00 for 14.70 hours of attorney services and $400.00 for 4.00 hours of paralegal services. A copy of the client ledger showing the time spent and a description of the work performed is attached as Exhibit 1.

| Name | Services | Hours | Rate | Total |
|---|---|---|---|---|
| Kevin McJessy ("KM") | Attorney | 14.70 | $220/hr. | $3,234.00 |
| Sheila Keating ("SK) | Paralegal | 4.00 | $100/hr. | $400.00 |
| Total | | | | 3,634.00 |

The hourly rate for attorneys and paralegals charged to the Trust Funds as set forth above is consistent with the rates approved in the Northern District of Illinois for ERISA collection work. *See, e.g., Rappa v. Sun Life Assur. Co.*, 2014 U.S. Dist. LEXIS 124896, *11 (W.D. Wis. Sept. 8, 2014) ("Sun Life does not object to plaintiff's counsel's rate of $300 per hour, and the court finds that rate reasonable given the nature of ERISA cases."); *Board of Trustees of the Rockford Pipe Trades Indus. Pension Fund v. Fiorenza Enters.*, 2011 U.S. Dist. LEXIS 28209, 21-22 (N.D. Ill. Mar. 18, 2011) ("the court finds that the hourly rates [of $195, $210 and $235 per hour] . . . are reasonable" for fringe benefit trust funds lawsuit against employer to collect unpaid contributions); *Divane v. Mitchell Sec. Sys.*, 2008 U.S. Dist. LEXIS 27825 (N.D. Ill. Apr. 7, 2008) ("The court finds that the billing rates [of $220.00 to 240.00 for attorneys] are reasonable.").

7.     The Trust Funds incurred $764.24 in expenses for the filing fee, process server charges, courier charges and photocopy charges.  A detailed description of all expenses incurred by the Trust Funds in this matter is shown in the fee summary attached as Exhibit 1.

8.     The attorneys' fees, paralegal fees and costs charged to the Trust Funds in this matter are consistent with MC&T's regular charges for services to the Trust Funds on similar matters.

9.     I have personal knowledge of the matters stated in this affidavit and could testify competently to them.

FURTHER AFFIANT SAYETH NOT.

 /s/ Kevin P. McJessy   September 1, 2017
_____
Kevin P. McJessy                    Date

17 CV 04076

Exhibit B-1

| Date | Received From/Paid T | Explanation | Lwyr | Hours | Amount | Disbs |
|------|---------------------|-------------|------|-------|--------|-------|

**1000  Chicago Regional Council of Carpenters -**
**0263-JRJO      J.R. Jones Fixture Co.                          Resp Lawyer: KM**

| Date | Received From/Paid T | Explanation | Lwyr | Hours | Amount | Disbs |
|------|---------------------|-------------|------|-------|--------|-------|
| 1/29/2016 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed and responded to correspondence from D. Mandelco requesting audit demand letter to JR Jones Fixture Company. | KM | 0.10 | 22.00 | |
| 2/1/2016 | Lawyer: KM 0.40 Hrs X 220.00 | Reviewed correspondence from D. Mandelco regarding audit demand letter. Reviewed Minnesota Secretary of State records for information on JR Jones Fixture Co. Prepared audit demand letter to JR Jones Fixture Co. | KM | 0.40 | 88.00 | |
| 2/11/2016 | Lawyer: KM 1.20 Hrs X 220.00 | Telephone call with Mark Finn, consultant and accountant for JR Jones Fixtures regarding objection to audit requests and assertion company has not signed contract with the Union and objection to producing records for work performed outside of jurisdiction; reviewed record requests. (.5) Telephone call with N. Lagalo regarding contact with JR Jones Fixture. (.2) Reviewed correspondence from N. Lagalo forwarding contracts; reviewed contracts. (.1) Telephone call with M. Finn (763) 398-4304 regarding contracts and further explanation of why account records are required. (.2) Telephone call from D. Mandelco confirming that company will produce records and learned from D. Mandelco that he previously advised M. Finn that he could not request records on a job-by-job basis because company does not maintain its records on a job-by-job basis. (.3) Prepared correspondence to M. Finn copied to client and D. Mandelco forwarding contracts. (.1) | KM | 1.20 | 264.00 | |
| 2/18/2016 | Lawyer: KM 0.20 Hrs X 220.00 | Reviewed correspondence from D. Mandelco forwarding updated record request based on information from JR Jones Fixture Co. (.1) Telephone call with D. Mandelco to discuss specifics of records requested. (.1) | KM | 0.20 | 44.00 | |
| 2/19/2016 | Billing on Invoice 9939 | FEES      22.00 | | | | 0.00 |
| 2/23/2016 | Lawyer: KM 0.20 Hrs X 220.00 | Prepared correspondence to J.R. Jones Fixture forwarding follow up record request for audit. | KM | 0.20 | 44.00 | |
| 3/9/2016 | Chicago Regional Council of Carpenters Pension Fund | PMT - | | 0.00 | | |
| 3/14/2016 | Lawyer: KM 0.20 Hrs X 220.00 | Reviewed correspondence from D. Mandelco advising his intent to finalize the audit report. Reviewed file materials for any response from JR Jones to last record request. Prepared correspondence to D. Mandelco advising that we have not received any further response and he should finalize the audit. | KM | 0.20 | 44.00 | |
| 3/14/2016 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed and responded to correspondence from D. Mandelco regarding lack of document production, audit being finalized. | KM | 0.10 | 22.00 | |
| 3/18/2016 | Billing on Invoice 10010 | FEES      440.00 | | | | 0.00 |
| 4/1/2016 | Chicago Regional Council of Carpenters - Audits | PMT - | | 0.00 | | |

| Date | Received From/Paid T | Explanation | Lwyr | Hours | Amount | Disbs |
|---|---|---|---|---|---|---|
| 4/20/2016 | Billing on Invoice 10087 | FEES    66.00 | | | | 0.00 |
| 5/6/2016 | Chicago Regional Council of Carpenters - Audits | PMT - | | 0.00 | | |
| 5/18/2016 | Billing on Invoice 10219 | | | | | 0.00 |
| 9/7/2016 | Lawyer: KM 0.20 Hrs X 220.00 | Reviewed completed audit report from Legacy Professionals, findings of $88,333.33. | KM | 0.20 | 44.00 | |
| 10/14/2016 | Lawyer: KM 0.20 Hrs X 220.00 | Reviewed file for status of audit demand; prepared correspondence to J. Conklin following up on status of demands on audit and whether anything further is required of MC&T. | KM | 0.20 | 44.00 | |
| 10/20/2016 | Billing on Invoice 10503 | FEES    44.00 | | | | 0.00 |
| 10/24/2016 | Lawyer: KM 0.10 Hrs X 220.00 | Telephone call with J. Conklin advising he is trying to get JR Jones to respond to audit but so far no response, if no response to next letter matter will be referred. | KM | 0.10 | 22.00 | |
| 10/31/2016 | Chicago Regional Council of Carpenters - Audits | PMT - | | 0.00 | | |
| 11/14/2016 | Billing on Invoice 10587 | FEES    66.00 | | | | 0.00 |
| 11/28/2016 | Chicago Regional Council of Carpenters - Audits | PMT - | | 0.00 | | |
| 12/20/2016 | Billing on Invoice 10639 | | | | | 0.00 |
| 1/20/2017 | Billing on Invoice 10707 | | | | | 0.00 |
| 2/20/2017 | Billing on Invoice 10776 | | | | | 0.00 |
| 3/20/2017 | Billing on Invoice 10850 | | | | | 0.00 |
| 4/20/2017 | Billing on Invoice 10925 | | | | | 0.00 |
| 5/18/2017 | Lawyer: KM 0.20 Hrs X 220.00 | Brief initial review of audit referral file from Trust Funds. | KM | 0.20 | 44.00 | |
| 5/19/2017 | Billing on Invoice 11029 | | | | | 0.00 |
| 5/30/2017 | Lawyer: SK 1.70 Hrs X 100.00 | Prepared civil cover sheet, attorney appearance and summons (.3); filed complaint, civil cover sheet and appearance with court (.4); reviewed ECF notice regarding judges' assignments and completed summons as appropriate (.2); prepared email correspondence to court intake clerk forwarding summons for issuance (.2); prepared email correspondence to Minneapolis process server forwarding summons and complaint for service (.2); prepared email correspondence to J. Libby and J. Conklin forwarding file-stamped complaint and advising of judges' assignments (.2); prepared correspondence to Judge Guzman deputy forwarding file-stamped copy of complaint (.2). | SK | 1.70 | 170.00 | |

McJessy, Ching & Thompson, LLC
Client Ledger
ALL DATES

| Date | Received From/Paid T | Explanation | Lwyr | Hours | Amount | Disbs |
|------|---------------------|-------------|------|-------|--------|-------|
| 5/30/2017 | Lawyer: KM 2.00 Hrs X 220.00 | Drafted complaint against JR Jones Fixture Company; reviewed audit referral file in order to draft complaint and researched information on corporation including location, status and officers. (1.7) Reviewed summons, civil cover and appearance forms prepared by S. Keating. (.2) Reviewed ECF court order setting Judge Guzman and Magistrate Weismann. (.1) | KM | 2.00 | 440.00 | |
| 5/31/2017 | US Messenger & Logistics | Courier Recovery | | 0.00 | | 14.55 |
| 5/31/2017 | Expense Recovery | Photocopy Recovery | | 0.00 | | 5.40 |
| 5/31/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed ECF court order of Judge Guzman regarding setting of initial status hearing for 7/27/17. | KM | 0.10 | 22.00 | |
| 6/1/2017 | Lawyer: KM 0.40 Hrs X 220.00 | Notice from process server that company appears to have closed up its shop and coordinate with S. Keating to provide process server with information on home residence of D. Jones for service of process; reviewed LEXIS information obtained by S. Keating and approval of effort to serve D. Jones at home. | KM | 0.40 | 88.00 | |
| 6/9/2017 | Lawyer: SK 0.10 Hrs X 100.00 | Call from Minnesota process server re: problems serving Douglas Jones / JR Jones. | SK | 0.10 | 10.00 | |
| 6/13/2017 | Lawyer: KM 0.80 Hrs X 220.00 | Reviewed affidavit of process server regarding inability to serve Doug Jones; reviewed file materials regarding issues of service on D. Jones and alternatives. (.3) Research regarding Minnesota statute for service of process on company with missing registered agent. (.5) | KM | 0.80 | 176.00 | |
| 6/20/2017 | Billing on Invoice 11107 | FEES 676.00 DISBS 19.95 | | | | 0.00 |
| 6/21/2017 | Lawyer: SK 0.70 Hrs X 100.00 | Prepared ex parte notice of motion for motion to serve defendant via alternative means, filed motion to serve defendant via alternative means with court; filed notice of motion with court; prepared correspondence to Judge Guzman forwarding file-stamped courtesy copies of same. | SK | 0.70 | 70.00 | |
| 6/21/2017 | Lawyer: KM 0.40 Hrs X 220.00 | Prepared motion for service by alternative means; reviewed file materials and Minnesota law as necessary to draft motion. | KM | 0.40 | 88.00 | |
| 6/22/2017 | Capital One Services | Filing Fee - | | 0.00 | | 400.00 |
| 6/30/2017 | Expense Recovery | Photocopy Recovery | | 0.00 | | 6.96 |
| 6/30/2017 | LexisNexis | Legal Research - July 2016 | | 0.00 | | 36.86 |
| 6/30/2017 | US Messenger & Logistics | Courier Recovery | | 0.00 | | 14.55 |
| 7/10/2017 | Chicago Regional Council of Carpenters - Audits | PMT - | | 0.00 | | |
| 7/13/2017 | Lawyer: SK 0.20 Hrs X 100.00 | Confer with and prepared email correspondence to Minnesota process server directing service upon defendant through MN secretary of state and via mail to Minneapolis and Andover locations. | SK | 0.20 | 20.00 | |
| 7/13/2017 | Lawyer: KM 1.30 Hrs X 220.00 | Appeared in court before Judge Guzman for hearing on motion for leave to serve defendant via alternative means; travel to and from court. | KM | 1.30 | 286.00 | |
| 7/13/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed ECF court order of Judge Guzman granting motion and instructing how to serve defendant, | KM | 0.10 | 22.00 | |

McJessy, Ching & Thompson, LLC
Client Ledger
ALL DATES

| Date | Received From/Paid T | Explanation | Lwyr | Hours | Amount | Disbs |
|------|---------------------|-------------|------|-------|--------|-------|
| | | including copies by mail. | | | | |
| 7/13/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Prepared correspondence to JR Jones forwarding court order. | KM | 0.10 | 22.00 | |
| 7/14/2017 | Expense Recovery | Postage Recovery | | 0.00 | | 0.92 |
| 7/18/2017 | Lawyer: KM 0.40 Hrs X 220.00 | Telephone call from "Doug Jones" regarding service of court order and court documents and insistence that he is not affiliated with J.R. Jones Fixture, the company. (.2) Reviewed file materials related to searches on LEXIS for Doug Jones and confirmed he appears to be the same person identified in LEXIS reports which suggests he is not being accurate. (.2) | KM | 0.40 | 88.00 | |
| 7/20/2017 | Billing on Invoice 11182 | FEES    432.00    DISBS    458.37 | | | | 0.00 |
| 7/26/2017 | Lawyer: SK 0.20 Hrs X 100.00 | Reviewed Minneapolis process server email re: service job confusion; confer with numerous contacts at Minneapolis process server to confirm that my 7/13/17 email provided detailed instructions for service; service will be completed today. | SK | 0.20 | 20.00 | |
| 8/2/2017 | Chicago Regional Council of Carpenters - Audits | PMT - | | 0.00 | | |
| 8/3/2017 | Lawyer: KM 0.30 Hrs X 220.00 | Reviewed file materials for status of service and reviewed affidavit of service. (.2) Arranged with S. Keating to check on status of mailing to addresses we have and for revised affidavit of service. (.1) | KM | 0.30 | 66.00 | |
| 8/3/2017 | Lawyer: KM 0.20 Hrs X 220.00 | Reviewed file for status of service and finding none prepared correspondence to S. Keating to find out status of service and verify also mailed by process server to all of defendant's addresses. | KM | 0.20 | 44.00 | |
| 8/3/2017 | Lawyer: SK 0.30 Hrs X 100.00 | Contacted process server regarding confirmation of service, need affidavit showing service by mail as required by the Court's order, process server checking on same. Follow up from process server confirming service by mail was completed and advising that process server will provide supplemental affidavit of service by mail.. | SK | 0.30 | 30.00 | |
| 8/4/2017 | Lawyer: SK 0.40 Hrs X 100.00 | Call from process server regarding draft affidavit and whether it is sufficient for proof of service. (.2) Reviewed email from process server forwarding affidavit of service. (.1) Confer with K. McJessy regarding affidavit of service. (.1) Telephone call to process server confirming that affidavit is sufficient (.1) | SK | 0.40 | 40.00 | |
| 8/4/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed affidavit of service and confer with S. Keating to confirm sufficiency of same. | KM | 0.10 | 22.00 | |
| 8/14/2017 | Lawyer: SK 0.40 Hrs X 100.00 | Reviewed and filed Minnesota process server's final versions of affidavts of service upon MN secretary of state and upon 2 residential addresses; prepared correspondence to Judge Guzman forwarding file-stamped courtesy copy of same. | SK | 0.40 | 40.00 | |
| 8/18/2017 | Billing on Invoice 11238 | FEES    458.00    DISBS    0.92 | | | | 0.00 |
| 8/25/2017 | Lawyer: KM 2.20 Hrs X 220.00 | Drafted motion for entry of default judgment, Declaration of K. Gaustaferri, Declaration of K. | KM | 2.20 | 484.00 | |

| Date | Received From/Paid To | Explanation | Lwyr | Hours | Amount | Disbs |
|---|---|---|---|---|---|---|
| | | McJessy and Draft Order and reviewed file materials as necessary to assemble all exhibits and to obtain information necessary to draft all documents. (2.1) Prepared correspondence to J. Conklin advising need for calculation of updated interest and liquidated damages and need for total auditors fees. (.1) | | | | |
| 8/25/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed affidavit of service to confirm individual served and mailed to address as required by the Court's order. | KM | 0.10 | 22.00 | |
| 8/28/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Telephone call to Judge Guzman's courtroom deputy I. Saccomonto regarding resetting status date due to filing motion for default. | KM | 0.10 | 22.00 | |
| 8/28/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed ECF court order of Judge Guzman resetting status hearing to 9/12/17. | KM | 0.10 | 22.00 | |
| 8/29/2017 | Chicago Regional Council of Carpenters - Audits | PMT - | | 0.00 | | |
| 8/29/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Telephone call with K. Gaustaferri regarding declaration. | KM | 0.10 | 22.00 | |
| 8/29/2017 | Lawyer: KM 0.40 Hrs X 220.00 | Reviewed correspondence from J. Conklin forwarding summary of current amount due; reviewed summary of damages. (.1) Prepared revised declaration of K. Guastaferri incorporating damages amount and damages summary. (.2) Prepared correspondence to K. Guastaferri forwarding declaration for her review and execution. (.1) | KM | 0.40 | 88.00 | |
| 8/30/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed correspondence from K. Guastaferri forwarding signed declaration. | KM | 0.10 | 22.00 | |
| 8/31/2017 | Metro Legal Services Inc. | Process Server recovery - Summons, Complaint - (1) MN Secy. of State and mail to (2) Mnpls, MN address and (3) mail to Andover, MN address | | 0.00 | | 285.00 |
| 9/1/2017 | Lawyer: KM 2.30 Hrs X 220.00 | Prepared fee petition billing summary to attach to motion for default and redacted attorney client privilege materials; final edits and revisions to motion for entry of final judgment prior to filing. | KM | 2.30 | 506.00 | |

| | | UNBILLED | | | | BILLED | | | | BALANCES | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTALS | CHE | + RECOV | + FEES | = TOTAL | DISBS | + FEES | +TAX | RECEIPTS | | = A/R | TRUST |
| PERIOD | 285.00 | 0.00 | 1430.00 | 1715.00 | 479.24 | 2204.00 | 0.00 | 2683.24 | | 0.00 | 0.00 |
| END DA | 285.00 | 0.00 | 1430.00 | 1715.00 | 479.24 | 2204.00 | 0.00 | 2683.24 | | 0.00 | 0.00 |

| | | UNBILLED | | | | BILLED | | | | BALANCES | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| FIRM TOT | CHE | + RECOV | + FEES | = TOTAL | DISBS | + FEES | +TAX | RECEIPTS | | = A/R | TRUST |
| PERIOD | 285.00 | 0.00 | 1430.00 | 1715.00 | 479.24 | 2204.00 | 0.00 | 2683.24 | | 0.00 | 0.00 |
| END DA | 285.00 | 0.00 | 1430.00 | 1715.00 | 479.24 | 2204.00 | 0.00 | 2683.24 | | 0.00 | 0.00 |

REPORT SELECTIONS - Client Ledger
Layout Template
Advanced Search Filter
Requested by
Finished
Ver

Attorneys Fee Petition
None
ADMIN
Friday, September 01, 2017 at 02:47:25 PM
13.0 SP2 (13.0.20140210)

17 CV 04076

# Exhibit C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, *et al.*,

                    Plaintiffs,

     v.

J R JONES FIXTURE CO., a Minnesota
corporation,

                    Defendant.

17 CV 04076

Judge Guzman

## JUDGMENT

Plaintiffs Chicago Regional Council of Carpenters Pension Fund *et al.*'s ("Trust Funds")

motion for entry of final judgment is granted and judgment is entered in favor of the Trust Funds

and against defendant J R JONES FIXTURE CO., a Minnesota corporation ("Defendant") in the

amount of $17,399.30 as follows:

    A.     $5,798.49 in unpaid fringe benefit contributions pursuant to the audit;

    B.     $5,407.50 for auditor's fees incurred by the Trust Funds to complete the audit of
            Defendant's fringe benefit contributions;

    C.     $635.37 in interest pursuant to 29 U.S.C. § 1132(g)(2)(B);

    D.     $1,159.70 in liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C); and

    E.     $4,398.24 in reasonable attorneys' fees and costs the Trust Funds incurred in this
            action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

The Trust Funds shall also recover reasonable attorney' fees and costs incurred by the Trust

Funds in enforcing this order and any such further relief as this Court deems appropriate. *See*

*Free v. Briody,* 793 F.2d 807, 808-09 (7th Cir. 1986).

_____      _____
     Date                                  Judge Ronald A. Guzman